UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SCOTT THORNTON                                                                                PLAINTIFF

V.                                                                                       NO. 3:08CV-00648-M

THE WESTERN AND SOUTHERN LIFE
INSURANCE COMPANY FLEXIBLE
BENEFITS PLAN, et al.                                             DEFENDANTS

## MEMORANDUM OPINION

       The Western and Southern Life Insurance Company Flexible benefits Plan, Benefits Committee of the Western and Southern Life Insurance Company, Western & Southern Financial Group, Inc., and The Western and Southern Life Insurance Company (collectively "the defendant Companies") have filed a motion for a protective order, in which they ask the court to bar the plaintiff, Scott Thornton, from conducting additional discovery. Having considered the motion, all responses and replies thereto, pertinent case law, and for the reasons stated below, the court will deny the motion.

**I.**

       Mr. Thornton is suing the defendant Companies for the alleged wrongful denial of benefits due him under his disability insurance. Mr. Thornton specifically alleges that the defendant Companies did not provide him with a full and fair review of his disability insurance claims, because (as both the determiners of eligibility and the payors of any approved claims) they had a financial incentive to deny them. Mr. Thornton also alleges that the defendant Companies wrongfully refused to pay him money owed under his Long Term Incentive and Retention Plan and, consequently, also has included claims of breach of fiduciary duty and of wage and hour violations in his complaint.

Although Mr. Thorton's claims have their genesis in the same general factual nucleus (*i.e.,* the determination that Mr. Thornton was not disabled), a denial of benefits under a disability insurance plan is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 (2007)("ERISA"), but the denial of monies putatively owed under a non-qualified deferred compensation plan is not. This complicates things somewhat, because, although all the claims rest on the validity of the determination of Mr. Thornton's disability, the same discovery guidelines do not apply to all.

Mr. Thornton seeks additional discovery beyond the administrative record of the defendant Companies' denial of his disability insurance claims, which the defendant Companies strenuously oppose on the ground that such discovery is not appropriate in ERISA cases. They make no attempt, however, to refute plaintiff's assertion that his inclusion of claims pertaining to the Long Term Incentive and Retention Plan change the analysis.

The court must now decide whether and, if so, to what extent additional discovery is warranted.

**II.**

It has long been the rule that a district court generally should base its review of an ERISA-based claim of an alleged denial of benefits solely on the administrative record. *See Wilkins v. Baptist Healthcare System, Inc.,* 150 F.3d 609, 619 (6th Cir. 1998). This is so because ERISA was enacted, in part, to provide "a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously," and any routine consideration of evidence outside that presented to plan administrators would undermine Congress's intent. *Perry v. Simplicity Engineering,* 900 F.2d 963, 967 (6th Cir. 2000). Nevertheless, a limited foray into evidence outside the administrative record occasionally may be considered, if the evidence

would be proffered in support of a procedural challenge to the administrator's decision, such as an allegation of bias or a lack of due process. *Wilkins*, 150 F.3d at 619.

Following the *Wilkins* decision, courts within the Sixth Circuit differed somewhat in their opinions of what appropriately triggered the limited exception to the general rule, but all required the plaintiff to do more than merely allege procedural irregularities, and limited any discovery to the procedural challenges. *See, e.g., Wilkins*, 150 F.3d at 619; *Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 431 (6th Cir. 2006)("[U]ntil a due process violation is at least colorably established, additional discovery beyond the administrative record into a plaintiff's denial of benefits claim is impermissible."); *Crider v. Life Ins. Co. of N. America*, 2008 WL 239659, at *4 (W.D. Ky. Jan. 29, 2008)(Heyburn, J.)(a "request for discovery must, at the very least, be premised upon evidence within the administrative record, which raises substantial questions of fairness").

Recently, however, the United States Supreme Court issued its decision in *Metropolitan Life Ins. Co. v. Glenn,* 128 S. Ct. 2343 (2008). Prior to *Glenn*, as noted above, an ERISA plaintiff in the Sixth Circuit needed to make a threshold showing of bias or a procedural violation before additional discovery would be permitted. In *Glenn*, however, the Supreme Court decided that a *per se* conflict of interest exists when an entity that administers an ERISA plan "both determines whether an employee is eligible for benefits and pays those benefits out of its own pocket." *Id.* at 2346. The Court went on to note that it does not "believe it is necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict," as such "special procedural rules would create further complexity, adding time and expense to a process that may already be too costly for many of those who seek redress." *Glenn,* 128 S. Ct. at 2351.

Relying on district court cases from outside the Sixth Circuit, and pre-*Glenn* decisions from within it, the defendant Companies assert that *Glenn* "did not alter the law in the Sixth Circuit regarding discovery in ERISA cases." This court, as have other courts within the Sixth Circuit before whom the same arguments have been made,[1] respectfully disagrees. Since *Glenn*, many district courts within the Sixth Circuit have determined that discovery beyond the administrative record is appropriate to assist the court in determining whether an inherent conflict of interest gave rise to an actual abuse of discretion. *McQueen Life Ins. Co. of N. America,* 595 F. Supp. 2d 752 (E.D. Ky. 2009)(Coffman, J.); *Hays v. Provident Life and Accident Ins. Co.,* 623 F. Supp. 2d 840 (E.D. Ky. 2008)(Van Tatenhove, J.); *Pemberton v. Reliance Std. Life Ins. Co.,* 2009 WL 89696 (E.D. Ky. 2009)(Coffman, J.); *Raney v. Life Ins. Co. of N. America,* 2009 WL 1044891 (E.D. Ky. 2009)(Hood, J.).

While it is correct that the Court in *Glenn* did not explicitly answer the question of whether discovery outside the administrative record should be permitted as a matter of course in cases in which an inherent conflict of interest exists, it arguably did so implicitly. One panel of the Sixth Circuit, in an unreported decision finding that a district court did not abuse its discretion in permitting some discovery of a putative conflict of interest, has cautioned that it did not support the proposition that "discovery will automatically be available any time the defendant is both the administrator and the payor under an ERISA plan." *Johnson v. Connecticut*

---

[1] The court also notes that the arguments presented here have not only been made, but in many instances previously have been made unsuccessfully by the same law firm currently representing the defendants in this matter. Granted, the adverse decisions either were unpublished decisions, or were made by the courts of the Eastern District of Kentucky, and are not binding upon this court, but neither are district court decisions from Maine or Massachusetts. No less, and arguably more, so than the opinions of courts outside the Sixth Circuit, decisions generated by the Eastern District of Kentucky are at least instructive, and warranted some mention. Failing to cite adverse precedent or adverse decisions from either judicial district in Kentucky is not helpful to the court.

*Gen'l Life Ins. Co.*, 2009 WL 928590, \*\*6 (6th Cir. 2009). Instead, the panel noted that "district courts are well-equipped to determine whether and to what extent limited discovery is appropriate" on a case-by-case basis. *Id.* It seems to the court, however, that given those guidelines, the exception may very well make the unofficial rule. How else could a court determine whether a *per se* conflict of interest gave rise to an *actual* abuse of discretion, than by permitting at least a modicum of additional discovery?

That being said, when courts have permitted discovery post-*Glenn*, the discovery permitted has not been unfettered. In keeping with the pre-*Glenn* precedent, the discovery allowed has been restricted in scope, and generally limited to a search for evidence of whether an inherent conflict of interested affected a benefits decision. Appropriate general areas of inquiry therefore have been: "(1) whether there is a history of biased claim denials, (2) whether the employer has taken steps to reduce potential bias and promote accuracy, and (3) whether company policies formally or informally reward or encourage claim denials." *See Raney,* 2009 WL 1044891 at \*4. Similarly, courts typically have refused to permit discovery into the areas falling under the general category of "reviewer credibility" (*e.g.*, without limitation, the reviewers' personnel files or performance reviews, disciplinary actions, board certifications, educational and professional backgrounds), as those areas are usually deemed unlikely to lead to evidence of bias or discrimination.

Although this court finds the reasoning of and discovery limitations imposed by district courts in the Eastern District of Kentucky to be sensible, whether and to what extent discovery related to Mr. Thornton's ERISA claim should be limited is a largely academic discussion in this matter, though. As the court previously noted, Mr. Thornton's also claims that he was wrongfully denied benefits under a compensation plan not governed by ERISA. It may often be

the case that the same nucleus of operative facts does not form the basis for a company's decision to deny benefits due under both a qualified and non-qualified plan, but it appears from Mr. Thornton's allegations in this matter that the disability determination made with respect to his entitlement to long-term disability insurance coverage was the same one used to determine that he was not entitled to receive benefits putatively due him under his Long Term Incentive and Retention Plan. The defendant Companies have not argued otherwise, or that the discovery limitations pertaining to his ERISA claim apply to all claims in the action, choosing instead to remain silent on his entitlement to discovery pertaining to the denial of benefits under the non-qualified Long Term Incentive and Retention Plan.

Because there are no comparable restrictions on discovery pertaining to non-qualified plans, other than the Federal Rules of Civil Procedure and the binding case law interpreting them, Mr. Thornton is free to conduct discovery regarding the basis for and the validity of the defendant Companies' decision that he does not suffer from a long-term disability. The court cautions, however, that it is a truism that discoverable evidence is not always admissible. Accordingly, the court expresses no opinion as to whether any of the evidence discovered would be appropriately considered during its review of the ERISA claim.

**III.**

For the reasons stated herein, and in an order entered concurrently with this memorandum opinion, the court will deny the defendant Companies' request for a protective order.

DATE: January 28, 2010

**James D. Moyer**
**United States Magistrate Judge**

cc: counsel of record